No. 48272.—Protest 744534–G of Collin & Gissel (Galveston).

EKWALL, Judge: This suit is brought against the action of the collector of customs at the port of Houston, Tex., in assessing duty "upon the values as arrived at by the appraiser on merchandise" imported at that port. The reasons given by the importer are that the "appraisement is invalid, as the appraiser erroneously appraised the value of currency, and illegally and improperly converted the medium of exchange in this entry, and that he did not comply with the statute or regulations governing the procedure to be employed in arriving at the proper dutiable value thereof." In an amendment to the protest it is claimed

That the liquidation in error included additional duties not properly assessable on conversion of currency on liquidation:

That the liquidation which includes an assessment of additional duties is in error; that no additional duties are chargeable in the case at bar by reason of conversion of currency.

The allegations set forth above if supported by proof might necessitate a revision of the collector's action. However, notwithstanding that the case first appeared on the Houston docket in April 1935, and was continued from time to time thereafter, by mutual consent, until April 1941, when it was submitted, with time allowed for briefs, no testimony has been offered. The proceedings at the hearing at which the case was finally submitted consisted of arguments by counsel and a motion by the Government attorney to dismiss the protest on the ground that the question raised was one of valuation which could be raised only by appeal to reappraisement, and not by protest.

While we agree with Government counsel that the protest sounds in appraisement rather than in administration, we prefer to consider it as it is, in form, a challenge to the legality of the appraiser's action and hence to the legality of the liquidation based thereon.

An examination of the entry and invoice shows that the merchandise involved in the importation consisted of a miscellaneous lot of chinaware, toys, paper goods, etc., imported from Germany in 1933, and invoiced in United States dollars. The purchases were made from various German manufacturers and the invoices on which entry was made appear to be the original manufacturers' invoices. The goods were appraised in Reichmarks, the currency of the country of exportation. We have carefully examined the invoices and the returns of the appraiser thereon, and can find no evidence of illegality. It certainly was not illegal for the appraiser to appraise the goods in the currency of the country of exportation. That action accords with both reason and law. And that is true even if the goods were invoiced in some other currency. Decisions are numerous to that effect. Note particularly the case of *Brown & Roese*, 31 Treas. Dec. 509, T. D. 36851, G. A. 7998, and also the case of *Giovanni Ascione*, 32 Treas. Dec. 725, T. D. 37252, G. A. 8077, an especially forceful decision by the then General Appraiser Sullivan.

In the instant case the appraiser had before him all the elements and factors necessary to a legal appraisement and he made such appraisement and duly reported it to the collector. The "Notice to Importer of Advance in Value upon Appraisement" required by section 501, Tariff Act of 1930, was sent to the importer; we find a copy thereof attached to the invoice; and the additional duties for undervaluation accrued automatically by operation of law,—section 489, Tariff Act of 1930. In short, there is no disclosure of error on the part of the collector or the appraiser and the claims in the protest are entirely unsupported. We therefore overrule the plaintiff's claims.

Judgment for defendant.